**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **KRISTY HAGER, as Sole Beneficiary of Raymond E Hager's Will,** | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) **Civil Action No. 20-00248-KD-B** ) |
| **SHIRLEY WILLIS, as a Licensed Edward Jones Stockbroker and Licensed Edward Jones Branch Manager Broker, et al.,** | ) ) ) ) |
| **Defendant.** | ) |

**ORDER**

This action is before the Court on *sua sponte* review.

In her original complaint, Plaintiff Kristy Hager sued as Personal Representative and sole beneficiary of the Estate of Raymond E. Hager (doc.1). She brought Count VIII for "Elderly Abuse" alleging that the "named Defendants above inflicted elderly abuse on Raymond E. Hager" (Id., p. 14). Ms. Hager filed an amended complaint (doc. 10). She now sues in her capacity as the "sole beneficiary of Raymond E. Hager's Will" (Id.) In Count V, Ms. Hager again sues for "Elderly Abuse" alleging that the "named Defendants above inflicted elderly abuse on Raymond E. Hager" (Id., p. 15). Thus, Ms. Hager does not claim that Defendants inflicted elderly abuse upon her. Instead, she seeks to raise this claim on behalf of the deceased Mr. Hager.

"Standing 'is the threshold question in every federal case....'" In re Checking Account Overdraft Litig., 780 F.3d 1031, 1038 (11th Cir. 2015) (quoting Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205 (1975)). "The fundamental prerequisite for standing is that the claimant have 'a personal stake in the outcome of the controversy [such] as to warrant his

invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.'" Id., (quoting Warth, 422 U.S. at 498–99, 95 S.Ct. at 2205 (quotation marks omitted)).  "One rule that follows from this principle is that a party 'generally must assert his *own* legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" Id., (quoting Warth, 422 U.S. at 499, 95 S.Ct. at 2205 (emphasis in original)). "This 'general prohibition on a litigant's raising another person's legal rights' is a 'prudential standing' doctrine, 'not derived from Article III.'" Yellow Pages Photos, Inc. v. Ziplocal, LP, 795 F.3d 1255, 1265 (11th Cir. 2015) (quoting Lexmark Int'l, Inc. v. Static Control Components, Inc., —— U.S. ——, 134 S. Ct. 1377, 1386, 188 L.Ed.2d 392 (2014).

A "party has standing to prosecute a claim in federal court only if he is the 'real party in interest' " to that claim, as required by Federal Rule of Civil Procedure 17(a)." Tribue v. Hough, No. 3:04-CV-286-RV-EMT, 2006 WL 212017, at *2 (N.D. Fla. Jan. 26, 2006) (quoting U.S. v. 936.71 Acres of Land, More or Less, in Brevard Cnty., State of Fla., 418 F.2d 551, 556 (5th Cir. 1969)) (citing Fed. R. Civ. P. 17(a) (2019)). "While the real party in interest rule and Article III standing are distinct concepts, 'some courts have described Rule 17's real party in interest requirement as essentially a codification of the non-constitutional prudential limitation on standing.'" Cassel v. John Hancock Life Ins. Co., 2020 WL 639612, *2 (S.D. Fla. 2020).

"An action brought by the real party in interest is one 'brought by the person who, according to the governing substantive law, is entitled to enforce the right.' " Payroll Mgmt, Inc. v. Lexington Ins. Co., 815 F.3d 1293, 1299 n.10 (11th Cir. 2016) (quoting 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, *Federal Practice and Procedure* § 1543 (3d ed. 2015)).  With respect to the "governing substantive law", Ms. Hager alleges that this Court has both diversity jurisdiction pursuant to 28 U.S.C. § 1332 and

original jurisdiction pursuant to 28 U.S.C. § 1331. When "jurisdiction is based on federal question and diversity, the choice of law rules of the state in which the action was filed provide the applicable law." United States ex rel. Duncan Pipeline, Inc. v. Walbridge Aldinger Co., No. CV411-092, 2013 WL 1338392, *10 (S.D. Ga. Mar. 29, 2013) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).  For choice of law, "Alabama applies the traditional doctrine[ ] of ... *lex loci delicti* to tort claims[, which] requires the court to 'determine the substantive rights of an injured party according to the law of the state where the injury occurred.' " Colonial Life & Acc. Ins. Co. v. Hartford Fire Ins. Co., 358 F. 3d 1306, 1308 (11th Cir. 2004) (quoting Fitts v. Minnesota Mining & Mfg. Co., 581 So. 2d 819, 820 (Ala. 1991)); Ex parte U.S. Bank Nat. Ass'n, 148 So. 3d 1060, 1069 (Ala. 2014) ("Lex loci delicti has been the rule in Alabama for almost 100 years. Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred.") (quoting Fitts, 581 So.2d at 820).   To determine where the injury occurred, the Court looks to the "state where the last event necessary to make an actor liable for an alleged tort takes place." Ex parte U.S. Bank Nat. Ass'n, 148 So. 3d at 1070.

As pled in the "General Allegations", the last events which could make Defendants liable for the alleged tort of elder abuse against Mr. Hager occurred in Florida (doc 10, p. 6-12). Therefore, the law of Florida applies (doc. 10).[1]  Progressive Waste Sols. of La, Inc. v. St. Bernard Par. Gov't, No. CV 16-8669, 2016 WL 4191847, at *11 (E.D. La. Aug. 9, 2016) ("Standing to sue in diversity cases is determined by the substantive rights available under state

---

[1] The only acts which could have occurred in Alabama were Raymond E. Hager's communications with Defendants Edwards Jones, Shirley Willis or her office assistant, and sending a copy of his Last Will and Testament and notice to Willis and Denise Pramuk to allow Ms. Hager sole access to his account. A fax was also sent from Florida to Alabama by Willis' assistant after Mr. Hager had died (doc. 10, ¶¶ 16-19, 61).

law.") (quoting <u>United States v. 936.71 Acres of Land, More or Less, in Brevard Cty., State of Fla.</u>, 418 F.2d 551, 556 (5th Cir. 1969) (internal citations omitted)).

"Under Florida law, a claim survives the death of a person." <u>Cross v. Primerica Life Ins. Corp.</u>, No. 3:13CV309-MCR-EMT, 2014 WL 12527701, at *2 (N.D. Fla. Feb. 11, 2014) (citing Fla. Stat. § 46.021 ("No cause of action dies with the person."). Under Florida law "[a]ll causes of action survive and may be commenced, prosecuted and defended in the name of the person prescribed by law." <u>Id</u>.

Florida has a statute which provides a private cause of action for elder abuse. <u>See</u> Fla. Stat. Ann. § 415.1111 (captioned "Civil Actions").  Who may bring the action is set forth in the statute.  Specifically, in relevant part,

> A vulnerable adult who has been abused, neglected, or exploited as specified in this chapter has a cause of action against any perpetrator and may recover actual and punitive damages for such abuse, neglect or exploitation.  The action may be brought by the . . .  personal representative of the estate of a deceased victim without regard to whether the cause of death resulted from the abuse, neglect or exploitation.

Fla. Sta. Ann. § 415.1111.

Thus, assuming only for purposes of this order that Mr. Hager was a "vulnerable adult"[2] as defined in the Act, the person with standing or capacity, <u>i.e.</u>, the real party in interest, to bring the claim is the "personal representative of the estate of a deceased victim …" Fla. Stat. Ann. § 415.1111.  In other words, the personal representative is the person who "according to the governing substantive law of Florida, who is entitled to enforce the right."  <u>Payroll Mgmt, Inc.</u>,

---

[2] "(28) "Vulnerable adult" means a person 18 years of age or older whose ability to perform the normal activities of daily living or to provide for his or her own care or protection is impaired due to a mental, emotional, sensory, long-term physical, or developmental disability or dysfunction, or brain damage, or the infirmities of aging." Fla. Stat. Ann. § 415.102(28).

815 F.3d at 1299 n.10.  Since Ms. Hager no longer sues in her capacity as Personal

Representative,[3] she is not the real party in interest, and cannot prosecute Count V against the

Defendants.  Accordingly, Count V is dismissed without prejudice.

DONE and ORDERED this the 14th day of October 2020.


s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In addition to amending her complaint to sue only as sole beneficiary under the Will, Ms. Hager states that a "motion from Kristy Hager's probate attorney to dismiss the estate is now pending" and that the "Probate case 19CP-1832 is being dismissed." (doc. 24, p. 1, 3; response to the motion to dismiss filed by Terri Stanford Mahon and Jordan Zoellner).  With the proposed sur-reply to the motion to compel arbitration, Ms. Hager provides a copy of the Notice of Voluntary Dismissal without Prejudice, signed by Ms. Hager, wherein she dismissed her petition for administration of the Estate of Raymond E. Hager (doc. 43, p. 18).